IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| State Farm Life Insurance Company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21CV861 |
| | ) | |
| Jennet Xiuqin Zou, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION, ORDER, AND JUDGMENT**

LORETTA C. BIGGS, District Judge.

Plaintiff State Farm Life Insurance Company initiated this action on November 5, 2021, seeking declaratory judgment that a certain life insurance policy it issued is void and affords no coverage to Defendant Jennet Xiuqin Zou or anyone else. (ECF No. 1 at 9.) On January 27, 2022, the Clerk of this Court entered default against Defendant pursuant to Rule 55(a) because she had failed to appear, plead, or otherwise defend in this matter. (ECF No. 10). Now before the Court is Plaintiff's Motion for Summary Judgment, (ECF No. 12), brought pursuant to Rule 56 of the Federal Rules of Civil Procedure. Because Defendant is in default, having failed to appear or answer in this action, the Court construes this motion as a motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. For the reasons stated herein, Plaintiff's motion will be granted.

I. **BACKGROUND**

Plaintiff's Complaint alleges the following: [o]n or about April 26, 2017, Defendant Jennet Xiuqin Zou initiated an application for an individual life insurance policy with State Farm to insure the life of her father, Bingdeng Zou.¹ (ECF No. 1 ¶¶ 6–8.) In this application, Defendant answered various questions about Bingdeng Zou. (*Id.* ¶ 9.) She also designated herself as the person applying for the insurance policy. (ECF No. 1-1 at 3 (designating Defendant as "Applicant/Owner" of the policy); *id.* at 12 (signature of applicant).)² Later, on or about May 3, 2017, Defendant completed an Individual Life Insurance Application Supplement. (ECF No. 1 ¶ 11.) This supplement was part of the insurance application, and it asked additional questions about Bingdeng Zou. (ECF No. 1-1 at 17-18.) While completing the supplement, Defendant "represented [that] she was [Bingdeng Zou] and . . . answer[ed] the questions as him." (ECF No. 1 ¶ 12.) Defendant provided false answers to some questions about Bingdeng Zou's health in both the initial application and the supplement. (*Id.* ¶¶ 9–18.)

On May 8, 2017, Bingdeng Zou was admitted to a hospital. (*Id.* ¶ 24.) At the hospital, he was treated for a gastric lesion, pancreatic fistula, gastric cancer, abdominal tumor, sepsis, pulmonary infection, and respiratory failure. (*Id.* ¶ 29.) During his admission, he provided

---

¹ Plaintiff's Complaint renders the name of the proposed insured as "Bing Deng Zou," however materials attached to the Complaint, including the copy of the insurance policy at issue, indicate a spelling of "Bingdeng Zou." (*Compare* ECF No. 1 ¶ 6 *with* ECF No. 1-2 at 5.) For consistency with the policy, the Court uses "Bingdeng Zou."

² The policy application also bears a signature purporting to be the signature of Bingdeng Zou. (ECF No. 1-1 at 12.) Plaintiff's allegations regarding Bingdeng Zou's involvement with the application includes that Defendant completed the application "by herself or with the help of [Bingdeng Zou]," (ECF No. 1 ¶ 9), and Plaintiff attributes answers in the initial application to "Defendant and/or [Bingdeng Zou]," (*id.* ¶ 10). To the extent that Bingdeng Zou was involved in the application, Plaintiff has alleged that he participated in all alleged misrepresentations. (*Id.* ¶ 10, 14, 16, 17.)

information about his health history that conflicted with answers that Defendant had given in the insurance application. (*See id.* ¶¶ 25–28.)

On June 1, 2017, Plaintiff issued a universal life insurance policy to Defendant. (*Id.* ¶ 22.) The policy insured the life of Bingdeng Zou and named Defendant as the sole beneficiary. (*Id.*) On June 16, 2017, Bingdeng Zou passed away. (*Id.* ¶ 30.)

Plaintiff now seeks a declaration that this policy is void due to Defendant's misrepresentations regarding her father's health in the insurance application.

## II.     STANDARD OF REVIEW

"Entry of default judgment is left to the discretion of the court." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). "Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint." *J & J Sports Prods., Inc. v. Romenski*, 845 F. Supp. 2d 703, 705 (W.D.N.C. 2012). However, "[t]he defendant is not held . . . to admit conclusions of law," as "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). To determine whether to enter judgment on a defendant's default, the court examines whether the well-pleaded allegations in the complaint support the relief sought in the case. *Id.* "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu*, 515 F.2d at 1206.

## III.    DISCUSSION

Plaintiff requests the Court "find the following, as a matter of law: (a) [t]he [a]pplication . . . contained material representations; (b) [t]hese material misrepresentations

3

Case 1:21-cv-00861-LCB-JLW   Document 14   Filed 10/25/22   Page 3 of 6

render the Policy null, void, and rescinded; and (c) [t]he Policy does not provide coverage for the life of [Bingdeng Zou]." (ECF No. 13 at 8.)

Under North Carolina law[3], "[a]n insurance company is not bound by a contract for insurance where the insured makes representations that are false and material." *N. Nat'l Life Ins. C. v. Lacy J. Miller Mach. Co., Inc.*, 316 S.E.2d 256, 262 (N.C. 1984). A misrepresentation is material if "the knowledge or ignorance of it would naturally influence the judgment of the insurer in making the contract, or in estimating the degree and character of the risk, or in fixing the rate of premium." *Goodwin v. Investors Life Ins. Co. of N. Am.*, 419 S.E.2d 766, 769 (N.C. 1992) (quoting *Tolbert v. Mut. Benefit Life Ins. Co.*, 72 S.E.2d 915, 917 (N.C. 1952)) (emphasis omitted). Materiality may be found if an insured falsely answers a question and "there is a strong logical relationship between the question asked, assessing the risk, and the ultimate determination of an actuarially sound premium." *Id.* "While materiality is generally a question of fact for the jury, it is clearly the law in North Carolina that, in an application for a life insurance policy, written questions and answers relating to health are deemed material as a matter of law." *Tharrington v. Sturdivant Life Ins. Co.*, 443 S.E.2d 797, 800 (N.C. Ct. App. 1994) (citations omitted). "If the representation is material and false, it is not necessary for the avoidance of the policy that the misrepresentation be intentional." *In re McCrary*, 435 S.E.2d 359, 364 (N.C. Ct. App. 1993) (quoting *Tedder v. Union Fidelity Life Ins. Co.*, 436 F. Supp. 847, 849 (E.D.N.C. 1977)). Furthermore, "an insurer is 'under no duty, legal or equitable, to question the truth of the applicant's statements or, absent facts sufficient to put it on inquiry,

---

[3] Because the Policy was executed in North Carolina, (ECF No. 13 at 6), North Carolina law governs the Policy. *Fortune Ins. Co. v. Owens*, 526 S.E.2d 463, 466 (N.C. 2000) ("[North Carolina law] mandates that the substantive law of the state where the last act to make a binding contract occurred, usually delivery of the policy, controls the interpretation of the contract.").

4

to conduct an investigation to determine the truth or falsity thereof.'" *Evanston Ins. Co. v. G & T Fabricators, Inc.*, 740 F. Supp. 2d 731, 737 (E.D.N.C. 2010) (quoting *Swartzberg v. Reserve Life Ins. Co.*, 113 S.E.2d 270, 276 (1960)).

In this case, as a result of her default, Defendant is deemed to have admitted the well-pleaded factual allegations in the Complaint to include, that she falsely answered "no" to questions on the application for insurance including whether:

(a) In the past three years, had Bingdeng Zou been treated, diagnosed, or advised by a medical professional to have further evaluation to determine a diagnosis, or had surgery recommended that had not been performed? (ECF No. 1 ¶ 9.)

(b) In the past ten years, had Bingdeng Zou been diagnosed, treated, or been given advice by a member of the medical profession for a blood disorder, cancer or tumor, or stomach disorder? (ECF No. 1 ¶ 13.)

(c) In the past five years, had Bingdeng Zou been prescribed medications other than for cold, flu, seasonal allergies, or birth control? (ECF No. 1 ¶ 15.)

(d) In the past five years, for any reason had Bingdeng Zou seen a physician or any other medical professional, had surgery, or been treated at a hospital or other medical facility, except as explained elsewhere in the application? (ECF No. 1 ¶ 15.)

Further, Defendant is deemed to have admitted that Plaintiff did not know, could not have reasonably known, and did not have notice that her answers were false, (*Id.* ¶ 31); and that Plaintiff would not have issued a policy for Bingdeng Zou had it known the true answers to these questions, (*id.* ¶ 33).

Based on the foregoing, this Court finds that there is clearly a sufficient basis in the pleadings for this Court to enter declaratory judgment in favor of Plaintiff and against the Defendant due to false and material representations provided by Defendant and her deceased father in the application process to render the contract of insurance between the parties null

5

and void. The Court therefore concludes that Plaintiff is not bound by the contract of insurance that is the subject of this action.

For the reasons stated herein, the Court enters the following:

## ORDER AND JUDGMENT

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment, which the Court has construed as a motion for default judgment, (ECF No. 12), is **GRANTED** as follows:

1. That Judgment is hereby entered in favor of Plaintiff and against the Defendant and the Court hereby declares that the universal life insurance policy bearing policy number LF-3666-0784 insuring the life of Bingdeng Zou is null, void, and rescinded**;**

2. That said policy does not afford coverage for the life of Bingdeng Zou; and

3. That Plaintiff State Farm Life Insurance Company is not required to pay any benefits under said policy to Defendant Jennet Xiuqin Zou or anyone else.

This, the 25th day of October 2022.

/s/ Loretta C. Biggs
United States District Judge